**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| BOBBY GREEN | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:08CV01021 SWW |
| PULASKI COUNTY, ARKANSAS | * | |
| | * | |
| Defendant | * | |

**ORDER**

Plaintiff Bobby Green (Green) brings this employment dispute against his former employer, Pulaski County ("the County"). Before the Court is the County's motion to dismiss (docket entries #17, #18) and Green's response in opposition (docket entries #21, #22). After careful consideration, and for reasons that follow, the motion is denied.

Green, who is African-American, worked for the County as a Deputy Sheriff. On February 19, 2008, Green assisted another employee with an unruly inmate, and a physical struggle ensued. After Green's encounter with the inmate, the County terminated his employment for violating uniform standards of conduct. Additionally, Green entered a plea of no contest to criminal charges related to the February 19, 2008 incident.

Green commenced this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983, claiming that the County terminated his employment based on his race. Green proceeds under a theory of disparate treatment, alleging that the County did

1

not terminate the employment of similarly-situated employees, who are not members of his protected class.

The County moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Green's § 1983 claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994).  In *Heck*, the Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus.  The County also argues that Green's plea agreement prevents him from litigating his discrimination claims under Title VII and § 1981 because "in order to win this case, Green must try to prove that he did not commit the act for which he was fired, and such proof would necessarily contradict his plea agreement and call into question the validity of his sentence."  Docket entry #18, at 5.

The County is mistaken. Green does not claim innocence.  Instead, he brings his claims under a theory of disparate treatment, alleging that the County terminated his employment but did not terminate the employment of similarly-situated white employees who committed similar misconduct.  In order to prevail, Green need not prove that he did not commit the crime to which he pleaded no contest.  He need only show that the proffered reason for his termination is pretext for  racial discrimination, and such a showing can be made with sufficient proof of disparate treatment.  *See Harvey v. Anheuser-Busch, Inc*., 38 F.3d 968, 972 (8th Cir. 1994)(citing *Jones v. Frank*, 973 F.2d 673, 676 (8th Cir.1992)(quoting *Lanear v. Safeway Grocery*, 843 F.2d 298, 301 (8th Cir.1988)).

In deciding a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Here, the Court finds that Green has pleaded facts sufficient to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (docket entry #17) is DENIED.

IT IS SO ORDERED THIS 25TH DAY OF OCTOBER, 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE